T.C. Memo. 1998-90


UNITED STATES TAX COURT


LORETTA MANUKAINIU, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19920-96.                    Filed March 2, 1998.


Loretta Manukainiu, pro se.

Margaret S. Rigg, for respondent.


MEMORANDUM OPINION

PAJAK, Special Trial Judge:  This case was heard pursuant to
section 7443A(b)(3) of the Code and Rules 180, 181, and 182.  All
section references are to the Internal Revenue Code in effect for
the year in issue.  All Rule references are to the Tax Court
Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1993
Federal income tax in the amount of $2,833 and an accuracy-

related penalty under section 6662(a) in the amount of $567. At trial, respondent conceded the accuracy-related penalty under section 6662(a). The remaining issues for decision are: (1) Whether petitioner is entitled to any dependency exemption deductions; (2) whether petitioner is entitled to claim head of household filing status; and (3) whether petitioner is entitled to an earned income credit.

Some of the facts have been stipulated and are so found. Petitioner resided in San Mateo, California, at the time the petition was filed.

During 1993, petitioner was married to Tali Manukainiu and had four children: Antonio, Naufahu, Soane, and Ofa. Petitioner and her husband were not legally separated in 1993. On her 1993 Federal income tax return, petitioner claimed her son Antonio, her 34-year-old brother Fuiva Liu, and her parents as dependents. Petitioner's husband claimed their three other children as dependents on his return. During 1993, petitioner's brother and father were United States residents, and each had Social Security numbers. Neither filed a return for the 1993 tax year.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to show that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Section 151 allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152. Under section 152(a), the term dependent, in pertinent part, means a son, a brother, or the father or mother of the taxpayer over half of whose support was received from the taxpayer. Sec. 152(a)(1), (3), (4).

In determining whether or not an individual received over half of his or her support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself or herself supplied. Sec. 1.152-1(a)(2)(i), Income Tax Regs. Support includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs.

After a review of the record, we find that petitioner has not established that she is entitled to the dependency exemptions claimed for Antonio, her brother, and her parents in 1993.

To establish that petitioner provided more than one-half of the claimed dependents' support, she must first show by competent evidence the total amount of support furnished by all sources for the year in issue. Blanco v. Commissioner, 56 T.C. 512, 514 (1971). Petitioner has not offered competent evidence of the total amount of support provided for each of the claimed

dependents in 1993. Without proper substantiation, the Court cannot conclude from the record that more than one-half of the support of each claimed dependent was provided by petitioner. Thus, petitioner failed to prove that she provided over half of the total support of each of the claimed dependents.

Petitioner put in evidence a worksheet on which she claims expenses in the total amount of $26,790 for the last 10 months of 1993. At trial, petitioner stated that she paid her parents between $5,000 to $7,500 in 1993 to take care of Antonio. Thus, petitioner's position was that she had expenses somewhere between $31,790 to $34,290, at the least. On her 1993 return, petitioner reported a total income of only $15,332. Petitioner acknowledged that although her expenses far exceeded her income, she claimed she paid these expenses by using "a lot of credit cards". Further, petitioner stated that she also gave her parents more than $500 in cash in 1993 for their medical bills and rented a car for her brother so he could find a job.

Aside from her testimony, petitioner presented no evidence to corroborate or substantiate these expenses or that these expenses were indeed paid by petitioner. Petitioner failed to introduce any credit card statements, a car rental bill, medical bills, mortgage statements, or even utility bills. Further, she failed to provide any canceled checks or receipts to evidence the payments of any purported expenses. We observe that petitioner

did not call her parents or her brother to support her contentions.

We also note that the amount petitioner claimed to have paid as mortgage payments does not support her position that she furnished over half of the total support. Petitioner stated that she gave her husband $6,600 in 1993 for the mortgage payments. However, petitioner testified that her husband made mortgage payments totaling $16,800 in 1993. Therefore, petitioner's husband paid $10,200 ($16,800 less $6,600) in mortgage payments, which is more than half of the total mortgage payments for 1993.

Based on this record, we are not satisfied that petitioner furnished over half of the total support for her claimed dependents. We have stated on many occasions that we are not required to accept self-serving uncorroborated testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). We found petitioner not to be a credible witness. Absent any corroborating evidence, we have no choice but to sustain respondent's disallowance of the exemptions claimed.

We next consider whether petitioner is entitled to claim head of household filing status for 1993. Respondent determined that petitioner's proper filing status for 1993 is married filing separate.

Section 2(b), in relevant part, defines head of household as an unmarried taxpayer who either: (1) Maintains as her home a household which constitutes for more than one-half of such

taxable year the principal place of abode of a son or a dependent, or (2) maintains a household the principal place of abode of the father or mother of the taxpayer. Sec. 2(b)(1)(A) and (B). In addition, the taxpayer is required to furnish over half of the cost of maintaining the household. Sec. 2(b)(1). Because we hold that petitioner has not furnished over half of the cost of maintaining the household, petitioner is not entitled to the head of household filing status for 1993. Accordingly, we uphold respondent on this issue.

Finally, we must consider whether petitioner is entitled to an earned income credit for Antonio for the year in issue. Section 32 provides for an earned income credit for an "eligible individual". Section 32(d) provides, however, that a married individual (within the meaning of section 7703) is only eligible for an earned income credit if a joint return is filed for the taxable year. Section 7703 provides, in pertinent part:

SEC. 7703. DETERMINATION OF MARITAL STATUS.

(a) General Rule. * * *

(1) the determination of whether an individual is married shall be made as of the close of his taxable year; * * * and

(2) an individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married.

(b) Certain Married Individuals Living Apart. * * * if--

(1) an individual who is married (within the meaning of subsection (a)) and who files a separate return maintains as his home a household which

constitutes for more than one-half of the taxable year the principal place of abode of a child (within the meaning of section 151(c)(3)) with respect to whom such individual is entitled to a deduction for the taxable year under section 151 * * *,

> (2) such individual furnishes over one-half of the cost of maintaining such household during the taxable year, and

> (3) during the last 6 months of the taxable year, such individual's spouse is not a member of such household,

such individual shall not be considered as married.

There was no decree of divorce or separate maintenance. Petitioner admitted that she was legally married to her husband throughout 1993, and that they were not legally separated. We hold above that petitioner was not entitled to claim a dependency exemption deduction for Antonio. Thus, under section 7703(b), petitioner's marital status was married. Because petitioner was married and did not file a joint return for 1993, petitioner is not entitled to claim an earned income credit for Antonio. Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered for respondent with regard to the deficiency, and for petitioner with regard to the accuracy-related penalty under section 6662(a)</u>.